UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDON MARCUS
RESCH #304507,

    Plaintiff,

v.

DAVID RINK, et al.,

    Defendants.
_____/

Case No. 2:21-cv-227

Hon. Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Report and Recommendation addresses Defendant Chaplain David Rink's motion to dismiss this case due to Plaintiff's failure to attend his properly noticed deposition and for refusing to otherwise prosecute this case.  (ECF No. 53.)

This is a civil rights action brought by former state prisoner Brandon Marcus Resch pursuant to 42 U.S.C. § 1983.  Resch was paroled from the custody of the Michigan Department of Corrections (MDOC) after May 23, 2023.  (ECF No. 46.)  Resch provided the Court with his new address in Ypsilanti, Michigan.[1]  (*Id.*)

---

[1]  The change of address notice also included cases 1:21-cv-293 (appeal dismissed on September 13, 2023, due to want of prosecution), 1:21-cv-914 (dismissed on September 7, 2023, due to failure to engage in discovery and further, the docket sheet indicates that Resch no longer resided at the Ypsilanti address), and 1:21-cv-967 (still pending).

Resch alleged in his complaint that he was denied religious meals while he was confined in the Chippewa Correctional Facility (URF). Chaplain Rink is the only remaining defendant. Resch alleges that Chaplain Rink violated his rights under the First and Eighth Amendments by denying religious meals. (ECF Nos. 39 and 43.)

Defendant moves to dismiss the case under Fed. R. Civ. P 37 and 41 because Plaintiff refused to participate in his properly noticed deposition. Fed. R. Civ. P. 30. (ECF No. 53.) In addition, Defendant moves to recoup the costs of $305.65 for expenses related to the deposition.

It is undisputed that the Court issued an order allowing Defendant to take Plaintiff's deposition. (ECF No. 44 (Case Management Order).) After obtaining an extension of time to obtain discovery (ECF No. 50), Defendant then properly noticed and scheduled the deposition for August 18, 2023. (ECF Nos. 52 and 54, PageID.428.) Plaintiff filed no objections to the notice and failed to move for a protective order to attempt to prevent the deposition. Consequently, Plaintiff's deposition was authorized and properly noticed under the Court rules. Defendant was entitled to take Plaintiff's deposition.

On August 18, 2023, defense counsel appeared by video conference to take Plaintiff's deposition. Plaintiff failed to attend the video deposition. Defendant paid $305.65 for the deposition. On August 21, 2023, defense counsel sent a letter to Resch requesting a response or defense counsel would presume that he no longer wished to prosecute this case. (ECF No. 54-3, PageID.444.) Plaintiff has not contacted defense counsel. Plaintiff has not responded to this motion.

## II. Analysis

As noted by Defendant, Fed. R. Civ. P. 37(d)(1)(A)(i) specifically provides that when a party fails to attend his own deposition after being properly notified, he or she may be sanctioned by the court. And, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal. In addition, Fed. R. Civ. P. 41(b) provides that where a plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Sixth Circuit addressed this issue in *Woodson v. Morris*, 1995 WL 69243, 70 F.3d 1273 (6th Cir. 1995). In *Woodson*, the court noted that the plaintiff had adequate advance notice of the date of his deposition, but willfully refused to participate in the deposition. The court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b). *Id.* at *1 Dismissal is appropriate where Plaintiff fails to attend an ordered deposition. *Voit v. Jefferson County Sheriff's Dep't*, 31 F. App'x. 189 (6th Cir. 2002). It is not an abuse of discretion for the trial court to impose sanctions due to a party's failure to participate in discovery:

> Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon [v. CSX Trsp., Inc.]*, 110 F.3d [364] at 366–67 [(6th Cir. 1997)]. Pre-dismissal warning of the sanction is pivotal to the determination of willfulness. *See Harris v.*

> *Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

*Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004).

Looking at the factors set forth above: The facts in this case establish, first that Resch intentionally denied Defendant an opportunity to take his deposition, and that Resch acted willfully and in bad faith. Resch has not participated in this litigation since May of 2023. Resch is now on parole, and he has abandoned the prosecution of this case by not participating in discovery and by failing to respond to this motion. Second, Defendant has been prejudiced by Resch's failure to attend his deposition. Third, after Resch failed to appear at his deposition, defense counsel sent him a letter indicating that she would seek dismissal of this case if he failed to respond. Although the Court did not warn Resch that the case could be dismissed if he failed to attend his deposition, Resch's conduct in this case shows willful bad faith. Resch abandoned the prosecution of this case by failing to attend his deposition, failing to respond to defense counsel, and by failing to respond to this motion or otherwise take any action indicating that he intends to prosecute this case. Under these circumstances where a failure to warn is "accompanied by a finding of 'bad faith or contumacious conduct' by a derelict party" dismissal is appropriate. *Moore v. Erickson*, 22-2134, at 5 (6th Cir., Oct. 5, 2023) (*affirming* 2:20-cv-219, 2022 WL 17177733 (W.D. Mich. Nov. 23, 2022)). In the opinion of the undersigned dismissal of this case is warranted.

Finally, less drastic sanctions for Resch's refusal to give his deposition testimony such as striking the complaint or prohibiting Resch from offering testimony during trial will have the same effect as dismissal. Fed. R. Civ. P. 37(d)(3) (sanctions may include any of those listed in Rule 37(b)(2)(A)(i)-(vi) which includes finding facts established, prohibiting the disobedient party from supporting claims, striking pleadings, staying proceedings until compliance, dismissing the action, issuing a default judgment, or finding the party in contempt of court.).

In the opinion of the undersigned, the events in this case conclusively demonstrate (1) that Resch willfully refused to participate in his fully authorized and properly noticed video deposition, (2) that he has abandoned the prosecution of this case, and (3) that he acted in bad faith by failing to attend his deposition. *Hernandez v. Smith*, No. 1:17-cv-327, 2018 WL 6606251, *3 (W.D. Mich. Oct. 30, 2018) report and recommendation adopted 2018 WL 6605501 (W.D. Mich. Dec. 17, 2018) ("failure to appear for his deposition without any explanation, failure to contact defendants about discovery, and failure to object to a motion to dismiss his case as a sanction indicate that he is acting in bad faith.")

### III. Recommendation

It is recommended that the Court grant the motion to dismiss this case for failure to prosecute and impose costs of $305.65 against Plaintiff Resch, payable to Defendant, to recover the costs incurred to take Plaintiff's deposition.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen

(14) days of receipt of this Report and Recommendation. 28 U.S.C.§ 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    October 26, 2023                                /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U.S. MAGISTRATE JUDGE